UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA GUERRERO,<br><br>    Plaintiff,<br><br>    v.<br><br>LUXCLUB, INC., *et al.*,<br><br>    Defendants. | Case No. 1:24-cv-00721-JLT-CDB<br><br>ORDER ON PLAINTIFF'S REPORT EXTENDING TIME TO SERVE DEFENDANTS PURSUANT TO FED. R. CIV. P. RULE 4(m)<br><br>(Doc. 8) |

Pending before the Court is the request of Plaintiff Andrea Guerrero ("Plaintiff") and Defendant Bold Adventure LLC – the only defendant of three named defendants in this action to have been served – for a six-week continuance of the Mandatory Scheduling Conference (scheduled for September 19, 2024). (Doc. 8)

**Background**

On June 21, 2024, Plaintiff Andrea Guerrero ("Plaintiff") initiated this action with the filing of a complaint against Defendant LuxClub, Inc. (Doc. 1). On the same day, the Court issued summons for LuxClub, Inc. (Doc. 2). On July 30, 2024, Plaintiff filed a first amended complaint against LuxClub, Inc., and added as defendants Bold Adventure, LLC, and Margaret Mosseri (collectively, "Defendants"). (Doc. 4). On July 31, 2024, the Court issued summonses for Bold Adventure, LLC,

and Margaret Mosseri.  (Doc. 5).  On August 23, 2024, a summons was returned executed as to Bold Adventure, LLC.  (Doc. 6).

On September 13, 2024, Plaintiff filed a document titled "Status Report" with the cover page stating it is a "Preliminary Rule 26(f) Report and Status Report."  (Doc. 8).  In this filing, Plaintiff represents that she met and conferred with Defendant Bold Adventure, LLC, on September 9 and September 12, 2024, regarding the issues set forth in Federal Rule of Civil Procedure 26, "Local Rule 26-1," and the Court's Order Setting Mandatory Scheduling Conference (Doc. 3).  *Id.* at 2.  Plaintiff represents that counsel for Bold Adventure, LLC, consented to her request that the Court continue the scheduling conference currently set for September 20, 2024, by approximately six weeks, to November 1, 2024.  *Id.*

In the report, Plaintiff represents that she has been "diligently attempting" to serve Defendants LuxClub, Inc., and Margaret Mosseri.  She provides that LuxClub, Inc., does business in California but is not registered to do so and does not have a designated agent for service of process.  She represents that LuxClub, Inc., maintains a post office box in the state of New York, where it is headquartered, and that Plaintiff attempted service at that address but was unsuccessful because the registered address was reported by the service company as a "mailbox rental facility only," which had no authorized personnel to accept service on behalf of the company.  Plaintiff asserts that the New York Secretary of State's entity information page for LuxClub, Inc., has no listed registered agent for service of process, nor any other addresses at which Plaintiff can attempt service.  *Id.*

Plaintiff separately represents that Margaret Mosseri is an individual residing in the state of New York who publicly presents herself as president of LuxClub, Inc.  Plaintiff states that her process server has made several attempts to serve Mosseri and has spoken with a family member at her address during one of the attempts.  Plaintiff provides that Mosseri was on vacation during one of said attempts.  Plaintiff states that LuxClub, Inc., and Mosseri are represented by counsel in connection with an asset sale of the brand "LuxClub" to Bold Adventures, LLC, but said counsel does not intend to represent LuxClub, Inc., and Mosseri in the instant action.  Finally, Plaintiff provides that said counsel has been uncooperative regarding speaking with Plaintiff's counsel and facilitating service of LuxClub, Inc., and Mosseri.  *Id.* at 2-3.

Accompanying Plaintiff's filing is a declaration signed by Aubry Wand, counsel for Plaintiff. (Doc. 8-1).  Attached as exhibits to the declaration are a New York Secretary of State entity information page for LuxClub, Inc. (Doc. 8-2), a declaration of non-service as to LuxClub, Inc., on July 9, 2024 in Brooklyn, New York, signed by Dainon Ward of Janney & Janney (Doc. 8-3), and a capture of the public-facing LinkedIn page of Margaret Mosseri (Doc. 8-4).  In her declaration, Ms. Wand represents that Bold Adventure, LLC's in-house counsel informed her that they have been diligently seeking qualified California counsel and that they expect to file an appearance no later than September 19, 2024.  (Doc. 8-1 at 3).  Finally, she states that Plaintiff and Bold Adventure, LLC, are in settlement discussions.  *Id.*

**Discussion**

It appears that the request of Plaintiff and Defendant Bold Adventure LLC to continue the scheduling conference is prompted by Plaintiff's unsuccessful efforts to date to effect service on the two unserved defendants.

Rule 4(m) of the Federal Rules of Civil Procedure provides: "If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).  Absent a showing of good cause, failure to comply with Rule 4(m) requires dismissal of any unserved defendant.

Here, based on the representations summarized above, the Court finds Plaintiff has demonstrated good cause to extend time to serve the unserved defendants by approximately six weeks – through and including November 4, 2024.  To permit time for the anticipated appearance of the unserved defendants, for the settling of pleadings, and for the parties to comply with the requirements set forth in the Order Setting Mandatory Scheduling Conference (Doc. 3), the Court will reschedule the scheduling conference for a date approximately 30 days after the deadline to effect service.

///

///

**Conclusion and Order**

Construing Plaintiff's "Status Report" as a motion for extension of time to serve Defendants pursuant to Fed. R. Civ. P. 4(m), and for the reasons set forth above, IT IS HEREBY ORDERED:

1. Plaintiff's motion for an extension of time to serve Defendants LuxClub, Inc., and Margaret Mosseri (Doc. 8) is GRANTED;
2. The deadline for Plaintiff to serve Defendants LuxClub, Inc., and Margaret Mosseri is extended until November 4, 2024; and
3. The scheduling conference currently set for September 20, 2024, is continued to December 4, 2024, at 9:00a.m.

IT IS SO ORDERED.

Dated:   **September 17, 2024**

UNITED STATES MAGISTRATE JUDGE