**NOLAN LAW**
Paul J. Nolan (SBN 192267)
1437 Royal Owl St.
Norco, CA 92860
Telephone: (909) 437-3206
Email: pnolan@nolanlawyer.com

*Attorneys for Defendant Bold Adventure, LLC*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA GUERRERO, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LUXCLUB, INC., a New York corporation; BOLD ADVENTURE LLC, a Delaware limited liability company; MARGARET MOSSERI, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 1:24-cv-00721-JLT-CDB<br><br>**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT**<br><br>Complaint Filed: June 21, 2024<br>First Amended Complaint Filed: July 30, 2024<br>Trial Date: None Set |

Defendant, BOLD ADVENTURE, LLC, a Delaware Limited Liability Company ("Defendant") by and through undersigned counsel, hereby submits its Answer and Affirmative Defenses to First Amended Complaint ("FAC") filed by Plaintiff ANDREA GUERRERO, individually and on behalf of herself and others allegedly similarly situated ("Plaintiff"), and admits, denies and alleges as follows:

## I   ANSWERS AND DEFENSES TO THE FIRST AMENDED CLASS ACTION COMPLAINT

/ / /

<u>INTRODUCTION</u>

1.      Responding to the allegations in Paragraph 1, Defendant admits that after December 2021, it markets, advertises and labels the Products.  Except as so admitted, Defendant lacks knowledge or information sufficient to admit and on that basis denies each and every allegation contained therein.

2.      Responding to the allegations in Paragraph 2, Defendant admits that after December 2021 and for a period of time thereafter, the marketing, advertising and labeling of the Products included the quoted words "Bamboo" and "Eco Friendly".  Except as so admitted, Defendant denies each and every remaining allegation contained in this paragraph.

3.      Responding to the allegations in Paragraph 3, Defendant lacks knowledge or information sufficient to admit allegations based on Plaintiff's perceptions or state of mind as well as the perceptions and state of mind of consumers, and on that basis denies each and every allegation contained herein.

4.      Responding to the allegations in Paragraph 4, Defendant admits that after December 2021, rayon was an ingredient in the Products.  Except as so admitted, Defendant denies each and every remaining allegation contained in this paragraph.

5.       Responding to the allegations in Paragraph 5, Defendant lacks knowledge or information sufficient to admit, and on that basis denies each and every allegation contained herein.

6.      Responding to the allegations in Paragraph 6, Defendant admits Plaintiff's alleged claims relate to the California Consumers Legal Remedies Act, California's False Advertising Law, California's Unfair Competition Law, breach of express and implied warranty and intentional misrepresentation. Paragraph 6 calls for a legal conclusion to which no response is required.  Except as so admitted, Defendant denies each and every allegation contained in this paragraph.

/ / /

/ / /

DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT

## JURISDICTION AND VENUE

7.      Responding to the allegations in Paragraph 7, a statement of jurisdiction and venue are questions of law for which no response is required.

8.      Responding to the allegations in Paragraph 8, Defendant admits that it does business in the State of California.  The remainder of Paragraph 8 calls for a legal conclusion to which no response is required.  Except as so admitted and to the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 8.

9.      Responding to the allegations in Paragraph 9, a statement of jurisdiction and venue are questions of law for which no response is required.

## PLAINTIFF

10.      Responding to the allegations in Paragraph 10, Defendant lacks knowledge or information sufficient to admit and on that basis denies each and every allegation contained herein.

11.      Responding to the allegations in Paragraph 11, Defendant lacks knowledge or information sufficient to admit and on that basis denies each and every allegation contained herein.

## DEFENDANTS

12.      Responding to the allegations in Paragraph 11, Defendant lacks knowledge or information sufficient to admit and on that basis denies each and every allegation contained herein.

13.      Responding to the allegations in Paragraph 13, Defendant denies that it is the parent or affiliate of LuxClub and that it operates as an integrated enterprise with LuxClub.  The remainder of Paragraph 13 calls for a legal conclusion to which no response is required.

14.      Responding to the allegations in Paragraph 14, Defendant denies all allegations contained herein.

15.      Responding to the allegations in Paragraph 15, Defendant denies all allegations contained herein.

16.     Paragraph 16 calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 16.

A.     The Product's Advertising

17.     Responding to the allegations in Paragraph 17, Defendant admits that the Products are sold online through a website and third party e-commerce websites. Except as so admitted, Defendant denies each and every remaining allegation contained in this paragraph.

18.     Responding to the allegations in Paragraph 18, Defendant admits that after December 2021, the Amazon listing for the Products included the quoted words "Bamboo" and "Eco Friendly".  Except as so admitted, Defendant denies each and every remaining allegation contained in this paragraph.

19.     Responding to the allegations in Paragraph 19, Defendant admits that after December 2021 and for a period of time thereafter, the Products' packaging included the quoted words "LuxClub Bamboo Collection" and that the packaging also included pictures of trees.  Except as so admitted, Defendant denies each and every remaining allegation contained in this paragraph.

20.     Responding to the allegations in Paragraph 20, Defendant lacks knowledge or information sufficient to admit and on that basis denies each and every allegation contained herein.

21.     Responding to the allegations in Paragraph 21, Defendant denies all allegations contained herein.

22.     Responding to the allegations in Paragraph 22, Defendant denies all allegations contained herein.

23.     Responding to the allegations in Paragraph 23, Defendant denies all allegations contained herein.

24.     Responding to the allegations in Paragraph 24, Defendant denies all allegations contained herein.

25.    Responding to the allegations in Paragraph 25, Defendant denies all allegations contained herein.

26.    Responding to the allegations in Paragraph 26, Defendant denies all allegations contained herein.

27.    Responding to the allegations in Paragraph 27, Defendant admits that after December 2021, the Amazon listing for the Products included the quoted words "Eco Friendly".  Except as so admitted, Defendant denies each and every remaining allegation contained in this paragraph.

B.    The Products Are Not Bamboo and Not Eco Friendly

28.    Paragraph 28 calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 28.

29.    Paragraph 29 calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 29.

30.    Paragraph 30 calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 30.

31.    Paragraph 31 calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 31.

32.    Paragraph 32 calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 32.

33.    Paragraph 33 calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 33.

34.     Paragraph 34 calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 34.

35.     Paragraph 35 calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 35.

36.     Paragraph 36 calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 36.

37.     Paragraph 37 calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 37.

38.     Paragraph 38 calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 38.

39.     Paragraph 39 calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 39.

C.     Consumer Demand For Bamboo and Eco Friendly Products

40.     Paragraph 40 calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 40.

41.     Paragraph 41 calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 41.

42.     Paragraph 42 calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 42.

43.     Paragraph 43 calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 43.

44.     Paragraph 44 calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 44.

45.     Paragraph 45 calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 45.

46.     Paragraph 46 calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 46.

<u>CLASS ACTION ALLEGATIONS</u>

47.     Paragraph 47 calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 47.

48.     Paragraph 48 calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 48.

49.     Paragraph 49 calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 49.

50.     Paragraph 50 calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 50.

51.     Paragraph 51 calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 51.

DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT

52.     Paragraph 52 calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 52.

      a. Paragraph 52(a) calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 51(a).

      b. Paragraph 52(b) calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 51(b).

      c. Paragraph 52(c) calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 51(c).

      d. Paragraph 52(d) calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 51(d).

      e. Paragraph 52(e) calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 51(e).

      f. Paragraph 52(f) calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 51(f).

      g. Paragraph 52(g) calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any

wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 51(g).

    h.  Paragraph 52(h) calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 51(h).

53.     Paragraph 53 calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 53.

54.     Paragraph 54 calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 54.

55.     Paragraph 55 calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 55.

56.     Paragraph 56 calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 56.

57.     Paragraph 57 calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 57.

<u>FIRST CLAIM FOR RELIEF</u>

Violation of California's False Advertising Law

58.     Defendant incorporates its responses to each of the preceding paragraphs, 1-57, as numbered, as if fully set forth within.

59.     Paragraph 59 calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 59.

60.     Paragraph 60 calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 60.

61.     Defendant denies each and every allegation as set forth in Paragraph 61.

62.     Defendant denies each and every allegation as set forth in Paragraph 62.

<u>SECOND CLAIM FOR RELIEF</u>

Violation of California's Unfair Competition Law

63.     Defendant incorporates its responses to each of the preceding paragraphs, 1-57, as numbered, as if fully set forth within.

64.     Paragraph 64 calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 64.

65.     Paragraph 65 calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 65.

66.     Paragraph 66 calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 66.

67.     Paragraph 67 calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 67.

68.     Paragraph 68 calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 68.

69.     Paragraph 69 calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 69.

DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT

70.     Paragraph 70 calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 70.

71.     Defendant denies each and every allegation as set forth in Paragraph 71.

72.     Defendant denies each and every allegation as set forth in Paragraph 72.

73.     Paragraph 73 calls for a legal conclusion to which no response is required as it relates to provisions of the UCL.  As to the remaining allegations, Defendant denies each and every allegation as set forth in Paragraph 73.

74.     Paragraph 74 calls for a legal conclusion to which no response is required as it relates to provisions of the UCL.  As to the remaining allegations, Defendant denies each and every allegation as set forth in Paragraph 74.

75.     Responding to the allegations in Paragraph 75, Paragraph 75 calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 75.

<u>THIRD CLAIM FOR RELIEF</u>

Violation of California's Consumers Legal Remedies Act

76.     Defendant incorporates its responses to each of the preceding paragraphs, 1-57, as numbered, as if fully set forth within.

77.     Paragraph 77 calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 77.

78.     Paragraph 78 calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 78.

DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT

79.     Paragraph 79 calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 79.

80.     Paragraph 80 calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 80.

81.     Paragraph 80 calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 80.

82.     Defendant denies each and every allegation as set forth in Paragraph 82.

83.     Paragraph 83 calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 83.

84.     Defendant denies each and every allegation as set forth in Paragraph 84.

85.     Paragraph 85 calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 85.

86.     Responding to the allegations in Paragraph 86, Defendant lacks knowledge or information sufficient to admit, and on that basis denies each and every allegation contained herein.

87.     Paragraph 87 calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 87.

<u>FOURTH CLAIM FOR RELIEF</u>

Breach of Express Warranty

88.     Defendant incorporates its responses to each of the preceding paragraphs, 1-57, as numbered, as if fully set forth within.

89.    Paragraph 89 calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 89.

90.    Paragraph 90 calls for a legal conclusion to which no response is required as it relates to provisions of California's express warranty statute.  As to the remaining allegations,  Defendant denies each and every allegation as set forth in Paragraph 90.

91.    Defendant denies each and every allegation as set forth in Paragraph 91.

92.    Paragraph 92 calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 92.

93.    Responding to the allegations in Paragraph 93, Defendant lacks knowledge or information sufficient to admit allegations based on Plaintiff's and members of the Classes' perceptions or state of mind as well as the perceptions and state of mind of consumers, and on that basis denies each and every allegation contained herein.

94.    Defendant denies each and every allegation as set forth in Paragraph 94.

95.    Defendant denies each and every allegation as set forth in Paragraph 91.

96.    Responding to the allegations in Paragraph 96, Defendant lacks knowledge or information sufficient to admit, and on that basis denies each and every allegation contained herein.

<u>FIFTH CLAIM FOR RELIEF</u>

Breach of Implied Warranty

97.    Defendant incorporates its responses to each of the preceding paragraphs, 1-57, as numbered, as if fully set forth within.

98.   Paragraph 98 calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 98.

99.   Paragraph 99 calls for a legal conclusion to which no response is required as it relates to provisions of California's implied warranty of merchantability statute.  As to the remaining allegations,  Defendant denies each and every allegation as set forth in Paragraph 99.

100.   Paragraph 100 calls for a legal conclusion to which no response is required as it relates to provisions of California's implied warranty of merchantability statute.  As to the remaining allegations,  Defendant denies each and every allegation as set forth in Paragraph 100.

101.   Paragraph 101 calls for a legal conclusion to which no response is required as it relates to provisions of California's implied warranty of merchantability statute.  As to the remaining allegations,  Defendant denies each and every allegation as set forth in Paragraph 101.

102.   Defendant denies each and every allegation as set forth in Paragraph 102.

103.   Defendant denies each and every allegation as set forth in Paragraph 103.

104.   Defendant denies each and every allegation as set forth in Paragraph 104.

105.   Responding to the allegations in Paragraph 106, Defendant lacks knowledge or information sufficient to admit, and on that basis denies each and every allegation contained herein.

<u>SIXTH CLAIM FOR RELIEF</u>

Intentional Misrepresentation

106.   Defendant incorporates its responses to each of the preceding paragraphs, 1-57, as numbered, as if fully set forth within.

DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT

107.   Paragraph 107 calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 98.

108.   Defendant denies each and every allegation as set forth in Paragraph 108.

109.   Paragraph 109 calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Paragraph 98.

110.   Defendant denies each and every allegation as set forth in Paragraph 110.

111.   Defendant denies each and every allegation as set forth in Paragraph 111.

112.   Defendant denies each and every allegation as set forth in Paragraph 108.

<u>PRAYER FOR RELIEF</u>

Responding to the allegations in Plaintiff's Prayer, Plaintiff's Prayer simply calls for a legal conclusion to which no response is required.  To the extent a response is required, or to the extent any wrongdoing is alleged, Defendant denies each and every allegation set forth in Plaintiff's Prayer for Relief.

## <u>ii.    AFFIRMATIVE DEFENSES</u>

As and for affirmative defenses to all causes of action purported to be set forth against him in the FAC herein, this answering Defendant alleges as follows:

### <u>FIRST AFFIRMATIVE DEFENSE</u>
### **(Failure to State a Cause of Action)**

Neither the FAC, nor any purported cause of action alleged therein, state facts sufficient to constitute a cause of action upon which relief can be granted against Defendant.

/ / /

/ / /

-14-

## SECOND AFFIRMATIVE DEFENSE

### (Statutes of Limitations)

The FAC, and each purported cause of action alleged therein, is barred in whole or in part by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

### (Laches)

The FAC, and each purported cause of action alleged therein, is barred in whole or in part by the equitable doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff, on behalf of herself and the putative class, is estopped by her conduct from asserting the causes of action upon which he seeks relief.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff has or had unclean hands with respect to the matters alleged in the FAC and is therefore barred from recovering any relief on the FAC, or any purported cause of action alleged therein.

## SIXTH AFFIRMATIVE DEFENSE

### (Consent)

Plaintiff's FAC, and each purported cause of action therein, is barred in whole or in part because Plaintiff consented to the conduct about which he now complains.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Damages)

Plaintiff, and the putative class he seeks to represent, have not suffered any damages as a result of any actions taken by Defendant or its agents, and Plaintiff is thus barred from asserting any cause of action.

## EIGHTH AFFIRMATIVE DEFENSE

### (Authorization of Law)

The FAC, and each purported cause of action therein, is barred in whole or in part because any acts or omissions by Defendant were at all times legal and authorized by law.

## EIGHTH AFFIRMATIVE DEFENSE

### (FRCP, Rule 23)

Plaintiff's claims seeking class wide relief must be dismissed as Plaintiff cannot satisfy the requirements for a class action under Rule 23 of the Federal Rules of Civil Procedure.

## TENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

Upon information and belief, each purported cause of action alleged therein, is barred, in whole or in part, because Plaintiffs lack standing to assert the FAC or any purported cause of action alleged therein.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Excessive Fines)

Plaintiff's claims for punitive damages are barred by the Excessive Fines Clause of the United Sates Constitution, Amendment VIII.  To the extent that the law of the State of California may require that a portion of any award of punitive damages be paid to the State, any award of punitive damages constitutes a "fine" subject to the Excessive Fines Clause.  Under those circumstances, any amount of punitive damages would be excessive and in violation of the Excessive Fines Clause.

## TWELFTH AFFIRMATIVE DEFENSE

### (Civil Penalties Unconstitutional)

The FAC, and each purported cause of action alleged therein, is barred, in whole or in part, because the penalties sought in the FAC violate the Due Process clause of the United States and California Constitutions.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Individualized Assessment)

Upon information and belief, Defendant alleges that Plaintiffs are barred from obtaining relief because California law does not permit representative actions where liability can only be determined through fact-intensive individualized assessments.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Non-Certifiable Class)

The FAC, and each purported cause of action alleged therein, is barred, in whole or in part, because it does not state facts sufficient to certify a class.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Common Issues of Fact or Law)

Upon information and belief, Defendant alleges that this lawsuit cannot be properly maintained as a class action because common issues of fact or law do not predominate.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Improper Class Representatives)

Upon information and belief, Defendant alleges that this lawsuit cannot be properly maintained as a class action because the named Plaintiff's claims are not representative or typical of the claims of the alleged punitive class.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Conflicts)

Upon information and belief, Defendant alleges that this lawsuit cannot be properly maintained as a class action because the Plaintiffs have irreconcilable conflicts of interest as between themselves.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Affirmative Defenses Against Putative Class)

Upon information and belief, Defendant opposes class certification and disputes the propriety of class treatment. If the Court certifies a class in this case over

Defendant's objections, then Defendant asserts the affirmative defenses set forth herein against each and every member of the of the certified class.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Lack of Numerosity)

Upon information and belief, Defendant alleges that class allegations are improper as the proposed class is not sufficiently numerous as to make it impracticable to bring them all before the court.

## TWENTYIETH AFFIRMATIVE DEFENSE

### (Settled and Released Putative Class Members)

Upon information and belief, Defendant asserts that class allegations are improper to the extent they attempt to include any putative class member who has settled or released his or her claims prior to class certification.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Waiver)

Upon information and belief, Plaintiffs are barred from recovery under the doctrine of Waiver.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Common Issues)

There is a lack of common issues of facts and law, and accordingly, this action is not properly brought as a class action.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Inadequacy of Class Representation)

Plaintiff is not a proper representative of the class She purports to represent and accordingly, this action is not properly brought as a class action.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Lack of Superiority)

The class action procedure is not the superior method for adjudicating Plaintiff's claims or the claims of the alleged class, and, accordingly, this action is not properly brought as a class action.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Full Performance)

Plaintiff is not entitled to any relief because Defendant has performed all statutory, contractual or other obligations.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (No Willful or Knowing Violation)

Any violation of California law, which Defendant expressly denies, was not a willful or knowing violation.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Full Performance)

Plaintiff is not entitled to any relief because Defendant has performed all statutory, contractual or other obligations.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Specificity)

The FAC, and each purported cause of action alleged therein, is barred, in whole or in part, because the causes of action for violation of California Laws fails to plead specific facts capable of stating a claim.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Reasonableness and Good Faith)

Defendant acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known to it at the time it so acted. Accordingly, Plaintiff is barred, in whole or in part, from any recovery in this action.

## THIRTIETH AFFIRMATIVE DEFENSE

### (No Right to Punitive Damages)

Plaintiff is not entitled to punitive damages on any cause of action or ground alleged in the FAC.

/ / /

/ / /

/ / /

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Attorneys' Fees)

The FAC, and each purported cause of action alleged therein, fails to state facts sufficient to entitle Plaintiff to an award of attorneys' fees in any amount.  Moreover, as a consequence of Plaintiff bringing this action, Defendant has been required to retain attorneys to defend itself, and Defendant is entitled to recover its attorneys' fees incurred herein.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

Upon information and belief, Defendant may have additional affirmative defenses available of which Defendant is not fully aware at this present time. Defendant reserves the right to assert additional affirmative defenses after same have been ascertained.

## III.    CROSS-CLAIMS AGAINST LUXCLUB, INC. and MARGARET MOSSERI

Defendant/Cross-Complainant BOLD ADVENTURE, LLC ("Cross-Complainant") asserts the following cross-claims against Defendants and Cross-Defendants LUXCLUB, INC. ("LUXCLUB"), MARGARET MOSSERI ("MOSSERI") and Roes 1 through 10 inclusive (collectively referred to hereinafter as "Cross-Defendants"), and each of them, as follows:

1.      At all times herein mentioned, Cross-Complainant was organized and existing under and by virtue of the laws of the State of Delaware and doing business in the State of California and in this District.

2.      At all times herein mentioned, Cross-Defendant LUXCLUB was a business entities organized and existing under and by virtue of the laws of the State of New York and doing business in the State of California and in this District.

3.      Cross-Complainant is informed and believes and based thereon alleges that Cross-Defendant MOSSERI was and is a citizen of New York and responsible

for the business decisions of LUXCLUB as well as a signatory to the Asset Purchase Agreement dated December 22, 2021.

4.      Cross-Complainant is informed and believes, and thereon alleges, that Cross-Defendants, and each of them, are, and at all times herein mentioned were, either individuals, sole proprietorships, partnerships, registered professionals, corporations, or other legal entities which are/were licensed to do, and were doing business, in this District and within the State of California, at all times relevant to the subject matter of this action.

5.      Cross-Complainant is informed and believes, and thereon alleges, that said Cross-Defendants were in some manner legally responsible for the allegations and underlying facts and circumstances more fully described in Plaintiff's First Amended Class Action Complaint, which—although wholly disputed by Cross-Complainant—are incorporated herein by reference.

6.      Cross-Complainant is informed and believes, and thereon alleges, that at all times herein mentioned each of the Cross-Defendants were the agent, partner, joint venturer, lender, predecessor in interest, successor in interest, and/or employee of each of the remaining Cross-Defendants and Roes, and were at all times herein mentioned acting within the course and scope of such agency and/or employment.

10.     Cross-Complainant is informed and believes, and thereon alleges, that Cross-Complainant entered into written and/or oral agreements with Cross-Defendants wherein Cross-Defendants specifically agreed to defend and indemnify Cross-Complainant for allegations made against Cross-Complainant, such as those levied against Cross-Complainant by the Plaintiff in the underlying First Amended Class Action Complaint on file herein.

## FIRST CAUSE OF ACTION

### (Implied Indemnity)

### (As to All Cross-Defendants)

11.     Cross-Complainant incorporates by reference each and every allegation contained in paragraphs 1 through 11 of this pleading.

12.     Cross-Complainant has responded to the allegations of Plaintiff's First Amended Complaint by admitting and/or denying those allegations upon which it possessed sufficient information to so respond, and, if it is found that Cross-Complainant is liable for any such damage to Plaintiff, then Cross-Complainant is informed and believes, and thereon alleges, that such damage is primarily and ultimately caused by the acts, breaches and/or omissions of Cross-Defendants, and each of them, whereas Cross-Complainant's acts, if any, were secondary, passive or derivative in nature.

13.     Cross-Complainant is informed and believes, and thereon alleges, that the injuries and damages alleged by Plaintiff in the First Amended Class Action Complaint involve allegations of false advertising, unfair competition, breach of warranties and misrepresentation.  Cross-Complainant is further informed and believes, and thereon alleges, that said damages were caused by Cross-Defendants, and/or their agents, and each of them arising out of and in connection with the performance of Cross-Defendants' obligations as referred to herein.

14.     By reason of the foregoing, if Plaintiff recovers against Cross-Complainant, Cross-Complainant is entitled to indemnity from the Cross-Defendants, and each of them, for injuries and damages sustained by Cross-Complainant, if any, for any sums paid by way of settlement, or in the alternative, any judgment rendered against Cross-Complainant in the action herein based upon Plaintiff's First Amended Class Action Complaint and any cause of action alleged therein.

15.     Cross-Complainant is informed and believes, and thereon allege, that Cross-Complainant entered into written and/or oral agreements with Cross-Defendants, which provide, among other things, for payment of costs and fees in defending any litigation arising with respect to the Cross-Complainant's purchase of LUXCLUB's assets and, more specifically, any claims and allegations related to the description of LUXCLUB branded bet sheets on or off of Amazon as "bamboo

sheets" or arising in any way out of LUXCLUB's non-compliance with product labeling laws.

16.    Cross-Complainant has retained the services of Nolan Law to defend the action herein, thereby incurring costs, consultants' fees, attorneys' fees and other litigation fees in the defense of Plaintiff's First Amended Class Action Complaint and prosecution of this Cross-Complaint.  Cross-Complainant will seek leave of this Court to amend this Cross-Complaint to show the amount of said costs and attorneys' fees when the same become known to Cross-Complainant.

<u>**SECOND CAUSE OF ACTION**</u>

**(Equitable Indemnity)**

**(As to All Cross-Defendants)**

17.    Cross-Complainant refers to and incorporates herein by reference each and every paragraph of all causes of action as though fully set forth herein.

18.    In equity and good conscience, if Plaintiff recovers against Cross-Complainant, then Cross-Complainant is entitled to equitable indemnity, apportionment of liability, contribution among, and from, the Cross-Defendants, and each of them, according to their respective fault, for the injuries and damages allegedly sustained by Plaintiff, if any, by way of sums paid by settlement, or in the alternative, any judgments rendered against Cross-Complainant in the action herein based upon Plaintiff's First Amended Class Action Complaint.

19.    Cross-Complainant expressly denies the allegations of the First Amended Class Action Complaint and any wrongdoing on its part.  Should Cross-Complainant nevertheless be found liable for any false advertising, unfair competition, breach of warranty or misrepresentation, or any other alleged wrongdoing with respect to the allegations of the First Amended Class Action Complaint, the acts and/or omissions of Cross-Complainant were passive and secondary, while those of Cross-Defendants, and each of them, were active, primary and superseding.  Thus, as a direct, proximate and foreseeable result of the wrongdoing of Cross-Defendants herein, and each of them, Cross-Complainant is

entitled to total equitable indemnity from any and all liability adjudged against it by Plaintiff.

20.     As a direct, proximate and foreseeable result of the filing of the Plaintiff's First Amended Class Action Complaint, Cross-Complainant has been compelled to incur attorneys' fees, court costs, and the expense of this cross-action, and Cross-Complainant will seek leave of court to amend this Cross-Complaint to set forth the amount of said damages when the same have been ascertained.

21.     Should Plaintiff recover any amount of damages against Cross-Complainant by way of judgment, settlement or otherwise, then Cross-Complainant by reason of the foregoing and in equity and good conscience, is entitled to an equitable apportionment of the liability of Cross-Defendants, and each of them, on a comparative fault basis and a judgment against Cross-Defendants, and each of them, under the doctrine of equitable indemnity and in an amount equal to their respective liabilities as so apportioned.

## THIRD CAUSE OF ACTION

### (Express Indemnity)

### (As to All Cross-Defendants)

22.     Cross-Complainant refers to and incorporates herein by reference each and every paragraph of all causes of action as though fully set forth herein.

23.     Cross-Complainant is informed and believes, and thereon alleges, that Cross-Defendants entered into a written agreement(s) more specifically referred to as the Asset Purchase Agreement dated December 22, 2021 ("ASSET PURCHASE AGREEMENT") with Cross-Complainant and which contains, among other things, an express indemnity clause, providing for indemnity in favor of Cross-Complainant and against Cross-Defendants the pertinent terms of which provide as follows:

> "Section 7.02. Indemnification. Seller, and its owners, members, shareholders, parent companies, officers, and directors (the "Seller Indemnifying Persons"), agree to indemnify, defend, and hold harmless Buyer and its Affiliates, directors, officers,

employees, agents, successors, and assigns (collectively, "Buyer Indemnified Persons") from and against any and all direct, indirect or derivative losses, claims, damages, taxes, liabilities, obligations, fines, penalties, judgments, settlements, costs, expenses, and disbursements (including reasonable attorney's fees and expenses) (collectively, "Losses") arising out of or related to (i) any breach or inaccuracy of any representation or warranty of Seller contained in this Agreement or any Transaction Documents or in any certificate, schedule, or exhibit delivered pursuant hereto or thereto, (ii) any non-fulfillment or breach of any covenant or agreement of Seller contained in this Agreement or any Transaction Documents or in any certificate, schedule, or exhibit delivered pursuant hereto or thereto, (iii) any Losses incurred by Buyer resulting from Seller's ownership or use of the Assets prior to the Closing Date, (iv) any Losses incurred by Buyer relating to Excluded Assets, Excluded Contracts, or Liabilities of Seller (other than Assumed Liabilities), (v) any Amazon Seller Restriction that results from actions of the Seller prior to the Closing, (vi) any Losses incurred by Buyer as a result of describing the LuxClub branded bed sheets on or off Amazon as "bamboo sheets" or any Losses incurred by Buyer as a result of non-compliance of the product labeling with any Law (vii) any Action or proceeding against any Buyer Indemnified Person arising out of or in connection with subsections (i), (ii), (iii), (iv), (v) or (vi) of this paragraph, other than Losses incurred in connection with any Action or proceeding initiated by Seller."

24. Cross-Complainant is informed and believes, and thereon alleges, that the injuries and damages claimed by Plaintiff involve injuries occasioned as a result of LUXCLUB's use of the Products as the term is defined in the First Amended Class Action Complaint including, but not limited to, descriptions of the Products on or off Amazon and other sales, marketing and advertising of the Products by LUXCLUB prior to Cross-Complainant's purchase of LUXCLUB's assets.

25. Cross-Complainant has retained the services of Nolan Law to defend the action herein, thereby incurring costs, consultants' fees, attorneys' fees, and other litigation fees in the defense of this action and prosecution of this Cross-

Complaint.  Cross-Complainant will seek leave of this court to amend this Cross-Complaint to show the amount of said costs and attorneys' fees when the same become known to Cross-Complainant.

## FOURTH CAUSE OF ACTION
### (Contribution)
### (As to all Cross-Defendants)

26.     Cross-Complainant refers to and incorporates herein by reference each and every paragraph of all causes of action as though fully set forth herein.

27.     Cross-Complainant is entitled to contribution from Cross-Defendants, and each of them, for the injuries and damages allegedly sustained by Plaintiffs, if any, as a result of any judgment or settlement awarded against Cross-Complainant herein.

## FIFTH CAUSE OF ACTION
### (Declaratory Relief Re: Duty to Defend)
### (As to Cross-Defendants)

28.     Cross-Complainant refers to and incorporates herein by this reference each and every paragraph of all causes of action as though fully set forth herein.

29.     Cross-Complainant and Cross-Defendants entered into and executed the ASSET PURCHASE AGREEMENT on or about December 22, 2021.  The ASSET PURCHASE AGREEMENT is incorporated herein by reference as though fully set forth at this point.

30.     The ASSET PURCAHSE AGREEMENT contains an express indemnity clause which provides for indemnity in favor of Cross-Complainant and against Cross-Defendants.  The terms of the express indemnity clause are as follows:

> "Section 7.02. Indemnification. Seller, and its owners, members, shareholders, parent companies, officers, and directors (the "Seller Indemnifying Persons"), agree to indemnify, defend, and hold harmless Buyer and its Affiliates, directors, officers, employees, agents, successors, and assigns (collectively, "Buyer

Indemnified Persons") from and against any and all direct, indirect or derivative losses, claims, damages, taxes, liabilities, obligations, fines, penalties, judgments, settlements, costs, expenses, and disbursements (including reasonable attorney's fees and expenses) (collectively, "Losses") arising out of or related to (i) any breach or inaccuracy of any representation or warranty of Seller contained in this Agreement or any Transaction Documents or in any certificate, schedule, or exhibit delivered pursuant hereto or thereto, (ii) any non-fulfillment or breach of any covenant or agreement of Seller contained in this Agreement or any Transaction Documents or in any certificate, schedule, or exhibit delivered pursuant hereto or thereto, (iii) any Losses incurred by Buyer resulting from Seller's ownership or use of the Assets prior to the Closing Date, (iv) any Losses incurred by Buyer relating to Excluded Assets, Excluded Contracts, or Liabilities of Seller (other than Assumed Liabilities), (v) any Amazon Seller Restriction that results from actions of the Seller prior to the Closing, (vi) any Losses incurred by Buyer as a result of describing the LuxClub branded bed sheets on or off Amazon as "bamboo sheets" or any Losses incurred by Buyer as a result of non-compliance of the product labeling with any Law (vii) any Action or proceeding against any Buyer Indemnified Person arising out of or in connection with subsections (i), (ii), (iii), (iv), (v) or (vi) of this paragraph, other than Losses incurred in connection with any Action or proceeding initiated by Seller."

31.     A claim or loss within the meaning of the subject express indemnity clause has arisen by virtue of the fact that the Plaintiff in this action have filed a First Amended Class Action Complaint against Cross-Complainant, claiming damages for injuries allegedly sustained as a result of  misleading and false advertising of the Products as "bamboo bedsheets" and "eco-friendly", among other allegations.  Plaintiff alleges that the Products were purchased in September 2020 and July 2021 and prior to the Date of the execution of the ASSET PURCHASE AGREEMENT.

32.     Cross-Defendants, and each of them, have a present duty to defend against any claims made against Cross-Complainant pursuant to the ASSET

PURHASE AGREMEENT, pursuant to California Civil Code section 2778, and as a result of the assertion of a claim and/or loss arising out of advertising, sales and marketing of the Products by Cross-Defendants, and each of them as referenced above.  Cross-Complainant has a present legal right to be provided a defense by the Cross-Defendants, and each of them as referenced above.  California Civil Code section 2778 provides, in pertinent part, that:

> "In the interpretation of a contract of indemnity, the following rules are to be applied, unless a contrary intention appears: . . .
>
> 4.      The person indemnifying is bound, on request of the person indemnified, to defend actions or proceedings brought against the latter in respect to the matters embraced by the indemnity, but the person indemnified has the right to conduct such defenses, if he chooses to do so;
>
> 5.      If, after request, the person indemnifying neglects to defend the person indemnified, a recovery against the latter suffered by him in good faith, is conclusive in his favor against the former; . . . "

33.      Cross-Complainant has tendered the defense of this action to all Cross-Defendants, and each of them as referenced above, each of whom have, to date, rejected, ignored, or failed to properly accept the tender of defense.

34.      A dispute has arisen and an actual controversy now exists between Cross-Complainant and the Cross-Defendants, and each of them, in that Cross-Complainant contends that it is entitled to a present defense from the Cross-Defendants, and each of them, while Cross-Defendants, and each of them, deny such obligations under the ASSET PURCHASE AGREEMENT.

35.      Cross-Complainant hereby seeks a Declaration by the Court as to Cross-Complainant's rights and Cross-Defendants' duties and obligations relative to the duty to indemnify and hold harmless in connection with the matters herein

alleged, and a judgment in Cross-Complainant's favor as to any obligations by said Cross-Defendants, and each of them referenced above, to Cross-Complainant.

## SIXTH CAUSE OF ACTION

### (Declaratory Relief Re: Duty to Indemnify)

### (As to Cross-Defendants)

36.     Cross-Complainant refers to and incorporates herein by reference each and every paragraph of all causes of action as though fully set forth herein.

37.     Under the express indemnity agreement identified above, which is subject to proof at the time of trial, and as contained in the written ASSET PURCHASE AGREEMENT herein, the Cross-Defendants, and each of them, are obligated to indemnify and hold harmless Cross-Complainant from all liability, loss, or damage in this action relating to matters embraced by the indemnity and arising out marketing, sales and advertising of the Products by the Cross-Defendants, and each of them.

38.     A dispute has arisen and an actual controversy now exists between Cross-Complainant and the Cross-Defendants, and each of them, in that Cross-Complainant contends that the subject indemnity provision is a specific and enforceable provision which provides indemnity by Cross-Defendants, and each of them, and for the joint wrongdoings, whether active or passive, of Cross-Complainant; while the Cross-Defendants, and each of them, contend that such indemnity provision is vague and/or ambiguous, void and/or voidable, general instead of specific, such that any wrongdoing by Cross-Complainant terminates the obligation of the Cross-Defendants to indemnify.

39.     Cross-Complainant seeks a Declaration by the Court as to its rights and said Cross-Defendants' duties and obligations as to the matters herein alleged, and a judgment in Cross-Complainant's favor as to the existence of an enforceable indemnity provision.

/ / /

/ / /

Wherefore Cross-Complainant prays for judgment as follows:

### FIRST CAUSE OF ACTION

1.     That Cross-Complainant be entitled to implied indemnity from Cross-Defendants herein, and each of them;

### SECOND CAUSE OF ACTION

2.     That Cross-Complainant be entitled to total equitable indemnity, apportionment, and contribution from Cross-Defendants, and each of them, in accordance with their respective faults;

### THIRD CAUSE OF ACTION

3.     That Cross-Complainant be entitled to express indemnity from Cross-Defendants, and each of them;

### FOURTH CAUSE OF ACTION

4.     That Cross-Complainants be entitled to damages for contribution from Cross-Defendants, and each of them;

### FIFTH CAUSE OF ACTION

5.     For a Declaration that each Cross-Defendant, has an obligation under the ASSET PURCHASE AGREEMENT to provide a defense to Cross-Complainant in this action;

### SIXTH CAUSE OF ACTION

6.     For a Declaration that each Cross-Defendant has an obligation under their respective contracts to indemnify Cross-Complainant in this action;

### AS TO ALL CAUSES OF ACTION

7.     For costs of suit incurred herein, including, but not limited to, costs of investigation incurred in the prosecution of this Cross-Complaint;

8.     For attorneys' fees incurred herein in the defense of the Fist Amended Class Action Complaint and in the prosecution of this Cross-Complaint;

9.     That Cross-Defendants be required to defend, indemnify, protect, and hold harmless Cross-Complainant herein from any loss, damage, costs, judgment, settlement, and expense, including, but not limited to, attorneys' fees and Court

costs related to and/or connected with the claims asserted herein by Plaintiff and/or other Defendants or Cross-Defendants; and,

10.   For such other and further relief as the Court may deem just and proper.

## IV. CERTIFICATION

Certification and Closing Under Federal Rule of Civil Procedure 11.  By signing below, I certify to the best of my knowledge, information, and belief that this Answer: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the Answer otherwise complies with the requirements of Rule 11.

Dated: November 4, 2024                    Respectfully submitted,

NOLAN LAW

By: _____

Paul J. Nolan
Attorneys for Defendant,
BOLD ADVENTURE LLC, a Delaware
limited liability company

DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT

# PROOF OF SERVICE
## UNITED STATES DISTRICT COURT - EASTERN DISTRICT OF CALIFORNIA

Re:   *ANDREA GUERRERO v. LUXCLUB, INC., et all*
      United States District Court – Eastern District of California
      Case No.: 1:24-cv-00721-JLT-CDB

  I am employed in the County of Riverside, State of California.  I am over the age of 18 years and not a party to the within action; my business address is: 1437 Royal Owl St., Noro, California 92860.   On November 4, 2024, I served copies of the within document described as **DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT** on the interested parties in this action in a sealed envelope addressed as follows:

**See attached Service List**

☐  **BY MAIL** - I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing.  Under that practice, it would be deposited with the United States Postal Service on the same day in the ordinary course of business, with postage thereon fully prepaid at Riverside.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐  **BY PERSONAL SERVICE** - I caused such envelope to be delivered by hand to the offices of the addressee pursuant to C.C.P. § 1011.

☐  **BY EXPRESS MAIL/OVERNIGHT DELIVERY** - I caused such envelope to be delivered by hand to the office of the addressee via overnight delivery pursuant to C.C.P. § 1013(c), with delivery fees fully prepaid or provided for.

☐  **BY FACSIMILE** - I caused such document to be delivered to the office of the addressee via facsimile machine pursuant to C.C.P. § 1013(e).  Said document was transmitted to the facsimile number of the office of the addressee from the office of Varner & Brandt, LLP, in Riverside, on the date set forth above.  The facsimile machine I used complied with California Rules *of Court*, Rule 2003(3) and no error was reported by the machine.  Pursuant to California *Rules of Court*, Rule 2009(i), I caused the machine to print a record of the transmittal, a copy of which is attached to this declaration.

☒  **BY ELECTRONIC/EMAIL** - I caused such document to be delivered to the office of the addressee via electronic e-mail pursuant to C.C.P. §§1013(a) and 1010.6.  Said document was transmitted to the email address of that office which is listed on the above Service List.  Said document was served electronically and the transmission was reported as complete and without error.

  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on November 4, 2024, at Riverside, California.

Paul Nolan

*Pnolan@nolanlawyer.com*

DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT

1

**SERVICE LIST**

2

Re:     *ANDREA GUERRERO v. LUXCLUB, INC., et all*
        United States District Court – Eastern District of California

3
        Case No.: 1:24-cv-00721-JLT-CDB

4

5

**TREEHOUSE LAW, LLP**                          **THE WAND LAW FIRM, PC.**

6
Benjamin Heikali (SBN 307466)                   Aubry Wand (SBN 281207)
Ruhandy Glezakos (SBN 307743)                   100 Oceangate, Suite 1200

7
Joshua Nassir (SBN 318344)                      Long Beach, CA 90802
3130 Wilshire Blvd., Suite 555                  Telephone: (310) 590-4503

8
Santa Monica, CA 90403                          Email: awand@wandlawfirm.com
Telephone: (310) 751-5948

9
Email: bheikali@treehouselaw.com
        rglezakos@treehouselaw.com

10
        jnassir@treehouselaw.com

11
*Attorneys for Plaintiff and the Putative Class*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-33-