MATTHEW OSTER (State Bar No. 190541)
  moster@wrslawyers.com
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
11400 West Olympic Boulevard, 9th Floor
Los Angeles, California 90064-1582
Telephone:   (310) 478-4100
Facsimile:    (310) 479-1422

Attorneys for LUXCLUB, INC. and
MARGARET MOSSERI

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA GUERRERO, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LUXCLUB, INC., a New York corporation; BOLD ADVENTURE LLC, a Delaware limited liability company; MARGARET MOSSERI, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 1:24-cv-00721-JLT-CDB<br><br>**CROSS-COMPLAINT FOR:**<br><br>**1. CONTRACTUAL INDEMNIFICATION**<br>**2. EQUITABLE INDEMNIFICATION**<br>**3. IMPLIED INDEMNIFICATION**<br>**4. DECLARATORY RELIEF**<br><br>Trial Date:          TBD |
| LUXCLUB, INC., a New York Corporation, and MARGARET MOSSERI, an individual,<br><br>Cross-Complainants,<br><br>vs.<br><br>BOLD ADVENTURE LLC, a Delaware limited liability company<br><br>Cross-Defendant. | |

Defendants and Cross-Complainants Luxclub, Inc. ("LUXCLUB") and Margaret Mosseri (collectively, "CROSS-COMPLAINANTS") hereby allege and cross-complain as follows:

**INTRODUCTION**

1. On or about December 22, 2021, Cross-Complainants, and others, entered into an Asset Purchase Agreement to sell substantially all the assets, and certain liabilities, associated with the 123Install Amazon account and the related off-Amazon seller accounts (the "PURCHASED ASSETS") to Defendant and Cross-Defendant Bold Adventure LLC ("CROSS-DEFENDANT") (the "AGREEMENT").  The AGREEMENT, as modified,[1] contains an indemnification provision, whereby CROSS-DEFENDANT agreed to indemnify CROSS-COMPLAINANTS for, among other things, any losses incurred by CROSS-COMPLAINANTS resulting from CROSS-DEFENDANT'S ownership or uses of the PURCHASED ASSETS after the closing date of the sale (the "INDEMNIFICATION PROVISION").

2. The sale closed on or about December 22, 2021 (the "CLOSING DATE"). On July 30, 2024, plaintiff Andrea Guerrero ("PLAINTIFF"), on behalf of others similarly situated, filed the First Amended Class Action Complaint (the "FAC") alleging a "California Class" defined as "[a]ll natural persons who purchased at least one of the Products in the State of California through an e-commerce website within the applicable statute of limitations period" and a "California Consumer Subclass" defined as "All natural persons who purchased at least one of the Products in the State of California, for personal, family, or household purposes, through an e-commerce website, within the applicable statute of limitations period" (collectively the "CLASS PERIOD"). Pursuant to the

---

[1] The AGREEMENT was modified on May 1, 2023, because certain payments that were due from CROSS-DEFENDANT to CROSS-COMPLAINANTS were not made in accordance with the AGREEMENT and CROSS-DEFENDANT requested certain portions of the AGREEMENT be amended to allow for late payment. That said, the relevant provisions discussed in this CROSS-COMPLAINT were not and have not been amended.

INDEMNIFICATION PROVISION, CROSS-DEFENDANT is required to indemnify CROSS-COMPLAINANTS for any losses during the CLASS PERIOD that resulted after the CLOSING DATE.

## THE PARTIES

3. LUXCLUB is a New York corporation. Its headquarters and principal place of business are in Brooklyn, New York. LUXCLUB is, and at all times herein mentioned was, a New York corporation duly organized and existing under and by virtue of the laws of the State of New York.

4. Margaret Mosseri is the president, CEO, and/ or owner of LUXCLUB.

5. Cross-Complainants are informed and believe, and based thereon allege, that CROSS-DEFENDANT is a Delaware limited liability company with its principal place of business in Brooklyn, New York.

## General Allegations

6. On or about December 22, 2021, CROSS-COMPLAINANTS entered into the AGREEMENT with CROSS-DEFENDANT for the sale of the PURCHASED ASSETS. (See the AGREEMENT attached hereto as "Exhibit 1.") Page 9 of the AGREEMENT specifically defines the PURCHASED ASSETS.

7. The AGREEMENT also includes the INDEMNIFICATION PROVISION whereby CROSS-DEFENDANT agreed to indemnify CROSS-COMPLAINANTS for any harm resulting from the PURCHASED ASSETS that arise after the CLOSING DATE. Specifically, in Section 7.02 (b) of the AGREEMENT, CROSS-DEFENDANT agreed to indemnify CROSS-COMPLAINANTS for "any Losses incurred by CROSS-COMPLAINANTS resulting from CROSS-DEFENDANT'S ownership or use of the Purchased Assets after the Closing Date." (See Exhibit 1 at pg. 33.) As defined in the AGREEMENT, and used herein, "Losses" includes "any and all direct, indirect or derivative losses, claims, damages, taxes, liabilities, obligations, fines, penalties, judgments, settlements, costs, expenses, and disbursements (including reasonable attorney's fees and expenses). . . ." (See Exhibit 1 at pg. 33.)  Therefore, CROSS-

DEFENDANT is required to indemnify CROSS-COMPLAINANTS for any Losses that occurr after the CLOSING DATE.

8. The FAC would be considered a "Loss" pursuant to Section 7.02 of the AGREEMENT as the FAC is a "claim" against CROSS-COMPLAINANTS, among others. (See Exhibit 1 at pg. 33; See FAC generally.) Further, the CLASS PERIOD extends beyond the CLOSING DATE. (See FAC generally.) As such, CROSS-COMPLAINANTS are considered an "Indemnified Party" pursuant to Section 7.02 (b) of the AGREEMENT and CROSS-DEFENDANT is therefore the "Indemnifying Party" for any and all Losses that occurred following the CLOSING DATE. (See Exhibit 1 at pg. 33-35.)

9. CROSS-COMPLAINANTS followed the requisite "Indemnification Procedures" provided in Section 7.05 of the AGREEMENT. (See Exhibit 1 at pg. 35.) Specifically, CROSS-COMPLAINANTS promptly provided written notice to CROSS-DEFENDANT regarding CROSS-DEFENDANT'S obligation to indemnify CROSS-COMPLAINANTS against the allegations raised in the FAC. (See "Notice and Acknowledgement of Indemnification Requests" attached hereto as "Exhibit 2".)

10. To date, CROSS-DEFENDANT has refused to indemnify CROSS-COMPLAINANTS for any losses alleged in the FAC that occurred following the CLOSING DATE.

## FIRST CAUSE OF ACTION

(Contractual Indemnification)

11. CROSS-COMPLAINANTS repeat, reallege, and incorporate herein by this reference, paragraphs 1 through 10, inclusive, above as though set forth in full herein.

12. On or about December 22, 2021, CROSS-COMPLAINANTS and CROSS-DEFENDANT entered into the AGREEMENT. Pursuant to the AGREEMENT, CROSS-DEFENDANT is required to indemnify CROSS-COMPLAINANTS against "any Losses incurred by CROSS-COMPLAINANTS resulting from CROSS-DEFENDANT'S ownership or use of the Purchased Assets after the Closing Date."

13. Plaintiff's FAC against CROSS-COMPLAINANTS alleges liability on behalf of CROSS-COMPLAINANTS resulting from, among other things, Losses that occur after the CLOSING DATE.

14. By reason of the foregoing, if CROSS-COMPLAINANTS are found liable for any damages resulting from Losses that occur following the CLOSING DATE, whether by judgment, settlement, or otherwise, then CROSS-COMPLAINANTS are entitled to recover from CROSS-DEFENDANT the total of such sums or a portion thereof. In addition, CROSS-COMPLAINTS are entitled to recover from CROSS-DEFENDANT their costs of defending the FAC, and in prosecuting this Cross-Complaint, including without limitations, attorneys' fees, costs, and other expenses allowed by law.

## SECOND CAUSE OF ACTION

(Equitable Indemnification)

15. CROSS-COMPLAINANTS repeat, reallege, and incorporate herein by this reference, paragraphs 1 through 14, inclusive, above as though set forth in full herein.

16. On or about December 22, 2021, CROSS-COMPLAINANTS and CROSS-DEFENDANT entered into the AGREEMENT. Pursuant to the AGREEMENT, CROSS-DEFENDANT is required to indemnify CROSS-COMPLAINANTS against "any Losses incurred by CROSS-COMPLAINANTS resulting from CROSS-DEFENDANT'S ownership or use of the Purchased Assets after the Closing Date."

17. Plaintiff's FAC against CROSS-COMPLAINANTS alleges liability on behalf of CROSS-COMPLAINANTS resulting from, among other things, Losses that occur after the CLOSING DATE.

18. In equity and good conscience, if Plaintiff recovers against CROSS-COMPLAINANTS, then CROSS-COMPLAINANTS are entitled to equitable indemnity, apportionment of liability, and contribution among, and from, CROSS-DEFENDANT according to their respective fault for the injuries and damages allegedly sustained by Plaintiff, if any, by way of sums paid by settlement, or in the alternative, any judgments rendered against CROSS-COMPLAINANTS in the action herein based upon the FAC.

19. CROSS-COMPLAINANTS expressly deny the allegations of the FAC and any wrongdoing on its part. Should CROSS-COMPLAINANTS nevertheless be found liable for any false advertising, unfair competition, breach of warranty or misrepresentation, or any other alleged wrongdoing with respect to the allegations of the FAC the acts and/or omissions of CROSS-COMPLAINANTS were passive and secondary, while those of CROSS-DEFENDANT were active, primary and superseding. Thus, as a direct, proximate and foreseeable result of the wrongdoing of CROSS-DEFENDANT herein, and each of them, CROSS-COMPLAINANTS are entitled to total equitable indemnity from any and all liability adjudged against it by Plaintiff.

## THIRD CAUSE OF ACTION

(Implied Indemnification)

20. CROSS-COMPLAINANTS repeat, reallege, and incorporate herein by this reference, paragraphs 1 through 19, inclusive, above as though set forth in full herein.

21. On or about December 22, 2021, CROSS-COMPLAINANTS and CROSS-DEFENDANT entered into the AGREEMENT. Pursuant to the AGREEMENT, CROSS-DEFENDANT is required to indemnify CROSS-COMPLAINANTS against "any Losses incurred by CROSS-COMPLAINANTS resulting from CROSS-DEFENDANT'S ownership or use of the Purchased Assets after the Closing Date."

23. Plaintiff's FAC against CROSS-COMPLAINANTS alleges liability on behalf of CROSS-COMPLAINANTS resulting from, among other things, Losses that occur after the CLOSING DATE.

24. If it is found that CROSS-COMPLAINANTS are liable for any such damage to Plaintiff, then such damage is primarily and ultimately caused by the acts, breaches and/or omissions of CROSS-DEFENDANT, whereas CROSS-COMPLAINANTS acts, if any, were secondary, passive or derivative in nature.

25. The injuries and damages alleged by Plaintiff in the FAC involve allegations of false advertising, unfair competition, breach of warranties and misrepresentation. (See FAC, generally.) Said damages were caused by CROSS-DEFENDANT arising out of and

in connection with the performance of CROSS-DEFENDANT'S obligations as referred to herein.

26. By reason of the foregoing, if Plaintiff recovers against CROSS-COMPLAINANTS, Plaintiff is entitled to indemnity from the CROSS-DEFENDANT for injuries and damages sustained by CROSS-COMPLAINANTS, if any, for any sums paid by way of settlement, or in the alternative, any judgment rendered against Cross-Complainant in the action herein based upon Plaintiff's FAC and any cause of action alleged therein

## FOURTH CAUSE OF ACTION

(Declaratory Relief)

27. CROSS-COMPLAINANTS repeat, reallege, and incorporate herein by this reference, paragraphs 1 through 26, inclusive, above as though set forth in full herein.

28. An actual controversy exists between CROSS-COMPLAINANTS and CROSS-DEFENDANT in that CROSS-COMPLAINANTS contend that, as between CROSS-COMPLAINANTS and CROSS-DEFENDANT, responsibility, if any, for the damages from Losses that occurred following the CLOSING DATE claimed by Plaintiff in the FAC rests entirely or, at minimum, partially on CROSS-DEFENDANT, and that as a result, CROSS-DEFENDANT is obligated to fully or partially indemnify CROSS-COMPLAINANTS for all sums owing for the defense and prosecution of the FAC and this Cross-Complaint, and or compelled to pay as a result of any damages, judgment, or other awards recovered by Plaintiff, if any, against CROSS-COMPLAINANTS.

29. CROSS-COMPLAINANTS desire a judicial determination of the respective rights, duties and obligations of CROSS-COMPLAINANTS and CROSS-DEFENDANT with respect to the damages claimed by Plaintiff in the FAC and underlying action herein, and a declaration of CROSS-DEFENDANT'S responsibility for comparative indemnity to CROSS-COMPLAINANTS of any sums for which CROSS-COMPLAINANTS may be compelled to pay which CROSS-DEFENDANT are determined to be responsible, in whole or part.

## PRAYER

**WHEREFORE**, CROSS-COMPLAINANTS respectfully request that the Court enter judgment against CROSS-DEFENDANT, as follows:

### AS TO THE FIRST, SECOND, AND THIRD CAUSES OF ACTION

1. For total and complete indemnity for any judgments, settlement, or other awards rendered against CROSS-COMPLAINANTS in connection with the FAC;

2. For the costs of suit, including attorneys' fees if allowed by law; and

3. For such other and further relief as the Court may deem just and proper.

### AS TO THE FOURTH CAUSE OF ACTION

4. For a judicial determination of the respective rights, duties and obligations of CROSS-COMPLAINANTS and CROSS-DEFENDANT with respect to the damages claimed by Plaintiff in the FAC and underlying action herein, including but not limited to, a judicial determination of comparative liability of CROSS-COMPLAINANTS and CROSS-DEFENDANT for these damages, if any, and a declaration of CROSS-DEFENDANT'S responsibility for comparative indemnity to CROSS-COMPLAINANTS of any sums for which CROSS-COMPLAINANTS may be compelled to pay which CROSS-DEFENDANT are determined to be responsible, in whole or part.

DATED: November 26, 2024

WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP

By: _____
MATTHEW OSTER
Attorneys for LUXCLUB, INC. and MARGARET MOSSERI

**PROOF OF SERVICE**

**Andrea Guerrero v. Luxclub, Inc., et al.**
**Case No. 1:24-cv-00721-JLT-CDB**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 11400 West Olympic Boulevard, 9th Floor, Los Angeles, CA 90064-1582.

On November 26, 2024, I served true copies of the following document(s) described as **CROSS-COMPLAINT** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Los Angeles, California.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address jhizon@wrslawyers.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 26, 2024, at Los Angeles, California.

_____
Jessica Hizon

6310251.1

-1-

**CROSS-COMPLAINT**

**SERVICE LIST**
**Andrea Guerrero v. Luxclub, Inc., et al.**
**Case No. 1:24-cv-00721-JLT-CDB**

| | |
|---|---|
| Aubry Wand<br>THE WAND LAW FIRM, P.C.<br>100 Oceangate, Suite 1200<br>Email: awand@wandlawfirm.com<br><br>Benjamin Heikali<br>Ruhandy Glezakos<br>Joshua Nassir<br>TREEHOUSE LAW, LLP<br>2121 Avenue of the Stars, Suite 2580<br>Los Angeles, CA 90067<br>Email: bheikali@treehouselaw.com<br>Email: rglezakos@treehouselaw.com<br>Email: jnassir@treehouselaw.com | Attorneys for Plaintiff ANDREA GUERRERO and Putative Classes |
| Paul J. Nolan<br>NOLAN LAW<br>1437 Royal Owl St.<br>Norco, CA 92860<br>Email: pnolan@nolanlawyer.com | Attorneys for Defendant BOLD ADVENTURE, LLC |

6310251.1

-2-
**CROSS-COMPLAINT**