UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA GUERRERO,<br><br>  Plaintiff,<br><br>  v.<br><br>LUXCLUB, INC., *et al.*,<br><br>  Defendants. | Case No. 1:24-cv-00721-JLT-CDB<br><br>ORDER DIRECTING CLERK OF THE COURT TO CLOSE CASE PURSUANT TO RULE 41(a)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>(Doc. 23) |

On June 21, 2024, Plaintiff Andrea Guerrero ("Plaintiff") initiated this action with the filing of a putative class action complaint against Defendants LuxClub, Inc., Bold Adventures, LLC, and Margaret Mosseri. (Docs. 1, 4).

Pending before the Court is Plaintiff's notice of voluntary dismissal of the action against Defendants, filed on March 11, 2025. (Doc. 23). The notice of dismissal is signed by all parties and otherwise comports with the requirements of Fed. R. Civ. P. 41(a)(1)(A)(ii) and Plaintiff is entitled to dismiss her individual claims (at least) without a court order. In a class action, however, court approval of dismissal may be required under Rule 41(a)(2) if the class has been certified. Specifically, Rule 23(e) provides that any claims arising out of either a (1) "certified class" or (2) "class *proposed to be certified for purposes of settlement* ... may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e) (emphasis added).

In this case, Plaintiff seeks to dismiss her individual claims with prejudice and the claims of the putative class without prejudice. (Doc. 23). No class has been certified in this action nor is there a class proposed to be certified for purposes of settlement. (*See* Docs. 1, 4, 18). Because no class has been certified in this case, and because any dismissal would not affect putative class members' possible claims, Rule 23(e) does not mandate either Court approval of the parties' settlement or notice to putative class members. *See Titus v. BlueChip Financial*, 786 Fed. Appx. 694, 695 (9th Cir. 2019) ("Because no class has been certified, Titus is the only plaintiff before the court; once she has dismissed her claims with prejudice, no other plaintiff can step into her shoes to continue this legal action") (unpublished) (citing *Emp'rs-Teamsters Local Nos. 175 & 505 Pension Tr. Fund v. Anchor Capital Advisors*, 498 F.3d 920, 924 (9th Cir. 2007)).

In light of Plaintiff's filing, the Court finds that Rule 23(e) does not require the Court's approval of the dismissal. This action shall be terminated by operation of law without further order of the Court. *Comm. Space Mgmt. Co., Inc. v. Boeing Co., Inc*., 193 F.3d 1074, 1077-78 (9th Cir. 1999).

Accordingly, the Clerk of the Court is DIRECTED to CLOSE this case and adjust the docket to reflect dismissal with prejudice as to Plaintiff's individual claims and without prejudice as to the claims of the putative class pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), with each party to bear that party's own attorney's fees and costs.

IT IS SO ORDERED.

Dated: **March 12, 2025**

UNITED STATES MAGISTRATE JUDGE